UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00179-MOC

| | | |
|---|---|---|
| **GENIEROSE DIOLA MAGSINO,** | ) | |
| | ) | |
| Appellant/Debtor, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **EDUCATION,** | ) | |
| | ) | |
| Appellee/Creditor. | ) | |

**THIS MATTER** is before the court on the appeal of Genierose Diola Magsino

("Appellant") from an order of the United States Bankruptcy Court granting summary judgment

in favor of the United States Department of Education ("Appellee") granting summary judgment

in favor of appellee.  In granting such motion, the bankruptcy court determined that appellant's

government-backed student debt is non-dischargeable.  As in the bankruptcy court below,

appellant is proceeding pro se on her appeal.  This Court has jurisdiction to hear the appeal

pursuant to 28, United States Code, Sections 158(a)(1) and 1334.  For the reasons that follow, the

court dismisses the appeal and affirms the determination of the bankruptcy court.

I.

On this appeal, appellant presents the following issues:

I.      Whether the Bankruptcy Court erred in granting summary judgment against
appellant's adversary proceeding which sought an undue hardship discharge for
her student loans? [1]

II.     Whether the standards in Brunner v. New York State Higher Educ. Servs. Corp.,
831 F.2d 395, 396 (2nd Cir. 1987), are inconsistent with the Thirteenth
Amendment's prohibition against involuntary servitude?

---

[1]     Appellant's subcontentions raised as to the first appellate issue are subsumed by the issue of
dischargeability.

1

Thus, the key issue before the court is whether appellant's government-backed student loan debt is dischargeable.

## II.

On appeal, the court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. District courts exercise *de novo* review over an appeal of a decision issued by the bankruptcy court, "effectively standing in its shoes to consider directly the findings of fact and conclusions of law by the bankruptcy court." Cypher Chiropractic Ctr. v. Runski (In re Runski), 102 F.3d 744, 745 (4th Cir. 1996); Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Props. Ltd. P'ship), 99 F.3d 151, 154 (4th Cir. 1996) ("Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo" (citation omitted)).

Accordingly, this court reviews "legal conclusions by the bankruptcy court *de novo* and may overturn its factual determinations only upon a showing of clear error." Morris v. Quigley (In re Quigley), 673 F.3d 269, 271 (4th Cir. 2012); accord Terry v. Meredith (In re Meredith), 527 F.3d 372, 375 (4th Cir. 2008). The proper construction and interpretation of the Bankruptcy Code is a question of law subject to plenary review. Runski, 102 F.3d at 745.

## III.

In providing for relief for debtors under the Bankruptcy Code, Congress determined that the code would not provide for automatic discharge of government-backed student loans. Specifically, Title 11 U.S.C. § 523(a)(8) states, in pertinent part, that a "discharge under section 727 . . . of this title does not discharge an individual debtor from any debt - (8) for an educational . . . loan made, insured or guaranteed by a governmental unit ...." 11 U.S.C. § 523(a)(8). Such provision does, however, allow for discharge where the non-discharge would "impose an undue

hardship on the debtor and the debtor's dependents…." Id. Inasmuch as the statute creates a presumption that government-backed educational debts are non-dischargeable, United States v. Wood, 925 F.2d 1580, 1583 (7th Cir. 1991), the burden to establish dischargeability remains on appellant in this appeal *de novo*.

IV.

To be entitled to a Section 523(a)(8) discharge, a debtor must show "undue hardship." To discharge a government-backed student loan, a debtor must show that "'unique' or 'extraordinary' circumstances . . . render it unlikely that the debtor would be able to honor . . . [student loan] obligations." In re Love, 33 B.R. 753, 754-55 (Bankr. E.D.Va. 1983) (citation omitted). Undue hardship is more than the unpleasantness of repaying a loan, id. at 754, or the lack of success in obtaining a degree or a career the student believed would result after incurring the debt. In re Roberson, 999 F.2d 1132, 1136-37 (7th Cir. 1993). Put another way, the taxpayer, while the guarantor of the educational loan, is not the guarantor of the success of the chosen educational program or of the student. Id.

In considering the Motion for Summary Judgment, the bankruptcy considered evidence in the form of discovery responses, deposition excerpts, and admissions of appellant. The court has considered all such evidence *de novo* along with appellant's and appellee's briefs, and the pleadings referenced in the record on appeal, which were retrieved from the bankruptcy docketing system via ECF.

Those materials indicate that, quite admirably, appellant graduated from *Rutgers University* with a Bachelor's Degree in accounting at age 53 (appellant is now 62). She financed her education at *Rutgers* with scholarships from various entities, in addition to government-backed student loans at issue in this appeal. Prior to attending *Rutgers,* appellant had worked in

3

accounting and continued in that field after graduation.  Prior to attending *Rutger*s, appellant received a Bachelor's Degree in commerce from a college in the Philippines, where she had studied for six years. Later, but prior to attendance at *Rutgers*, she had attended *Union College* in New Jersey, a two-year school. It is undisputed that at the time of appeal, appellant was 62 years old, single and without any dependents.

As of November 1, 2012, appellant's federal student loan balance was $35,725.19.  On February 15, 2013, appellant was informed by appellee that she was eligible for alternative repayment plans whereby her monthly payments would be $0 and, at the end of a 25-year repayment period, any remaining balance on her student loans would be forgiven. She was notified that: "In deciding whether you meet the legal standard for a student loan discharge, the Bankruptcy Court will consider what efforts you have made to restructure the debt." Plaintiff did not accept the offer and, instead, asked for release from her loans and insisted she would press for complete discharge from her student loan obligations in bankruptcy.

After graduation it is undisputed that appellant received one or more large payments of money in connection with real estate transactions, but made only one small payment of $2,500 to appellee for partial repayment of her Direct Loans. While appellant has attempted to minimize the profit realized from such sale, it appears that she received in excess of $100,000.00 in profit from that sale, using the lion's share to pay off credit card debt.  Specifically, the sale of her New Jersey condominium in 2004 produced a $143,000 gross profit, and appellant acknowledged that she netted in excess of $100,000 from the transaction. For a number of years through 2012, she requested and obtained unemployment deferments regarding repayment of her federal student loans. During the time of her loan deferment, she was studying for and taking the CPA exam.

She took two of the four parts of the CPA exam and came close to passing.  In addition, she has worked intermittently at various jobs and is presently poor.

In applying the facts to the applicable test for determining whether appellant has met her burden of proof for discharge under the statute, appellant must show that:

(1)     she cannot maintain a minimal standard of living for herself and her dependents, based on her current income and expenses, if she is required to repay the student loans;

(2)     that additional circumstances indicate that her inability to do so is likely to exist for a significant portion of the repayment period; and

(3)     that she has made good faith efforts to repay the loans.

In re Ekenasi, 325 F.3d 541, 546 (4th Cir. 2003) (adopting the test provided in Brunner v. New York Higher Educ. Serv. Corp., 831 F.2d 395 (2d Cir. 1987) (*per curiam*).          Plaintiff's appeal fails, as did her argument before the bankruptcy court, from the outset inasmuch as her Income Contingent Repayment Plan ("ICRP") would require her *to pay nothing*.  Thus, she cannot meet even the first prong of the Brunner test.  If she lives another 25 years, not only will she have paid nothing under the plan, her debt will be extinguished.  The court fully concurs with the bankruptcy court's finding that "repayment of Plaintiff's Direct Loan debt would have no effect whatsoever on her ability to maintain a minimal standard of living for herself." Order (#43 at 7).  Speculation as to future tax consequences of participating in that program are not a reason for granting an undue hardship discharge.  Burton v. Educ. Credit Mgmt. Corp. (In re Burton), 339 B.R. 856, 889 n.48 (Bankr. E.D. Va. 2006). Not only is the evidence antithetical to a decision in her favor on the first prong of the test, it is also unavailing as to the second and third prongs for the reasons provided in appellee's brief.  Additionally, plaintiff's arguments

concerning appellee's "crafty use" of her discovery responses and deposition testimony on summary judgment are wholly meritless and her attempts to alter her sworn statements and responses is, to say the least, disingenuous.

Finally, appellant has challenged the bankruptcy court's use of the <u>Brunner</u> test under the Thirteenth Amendment. As mentioned above, neither the bankruptcy court nor this court is at leave to ignore or sidestep the <u>Brunner</u> test as such test has been adopted as the law of this circuit. <u>See</u> <u>In re Ekenasi</u>, <u>supra</u>. Appellant argues that by having to repay her student loan debt, she is being subjected to "involuntary servitude" in violation of the Thirteenth Amendment to the United States Constitution. Appellant's argument is without legal or factual merit. The record is clear that appellant freely and voluntarily contracted for student loans that she now contends she is unable to repay; whether she will go to work to pay off these obligations is up to her. Thus, the only involuntary servitude this court can discern is that of the taxpayers, who appear likely to be the ones forced to work to pay for appellant's *Rutgers* education inasmuch as the IFRP plan she has been generously allowed provides for her to pay nothing towards her educational obligation in the future. Appellant's contentions under the Thirteenth Amendment are, therefore, meritless.

## ORDER

**IT IS, THEREFORE, ORDERED** that after *de novo* review, the court reaffirms the bankruptcy court's decision on the Motion for Summary Judgment, adopting such decision herein in full. The appeal is DISMISSED and the final decision of the bankruptcy court concerning the non-dischargeability of appellant's loan is AFFIRMED.

Signed: August 29, 2014

Max O. Cogburn Jr.